NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0523n.06

Case No. 21-4109

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 16, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOHN DOES 174, 176, 182 & 183; JANE DOE 1, | ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| THE OHIO STATE UNIVERSITY, | ) | |
| Defendant-Appellee, | ) ) | ORDER |

Before: CLAY, GIBBONS, and McKEAGUE, Circuit Judges.

**PER CURIAM.** Between 1978 and 1998, Dr. Richard Strauss, a university physician and athletic team doctor at the Ohio State University, allegedly sexually abused hundreds of individuals under the guise of performing medical examinations. The allegations did not become public until 2018, following Ohio State's commissioning of an independent investigation undertaken by the law firm Perkins Coie, which substantiated the allegations of abuse. After the allegations became public, survivors of this abuse—including Plaintiffs in this case—brought Title IX suits against Ohio State, alleging that Ohio State was deliberately indifferent to their heightened risk of abuse and that Ohio State actually concealed the abuse. The district court found that Plaintiffs' claims were barred by the statute of limitations and dismissed the action. Plaintiffs timely appealed.

Around the same time that the district court dismissed Plaintiffs' claims, the district court also dismissed claims brought by other alleged survivors of Strauss' abuse. *See Garrett v. Ohio State Univ.*, 561 F. Supp. 3d 747 (S.D. Ohio 2021); *Ratliff v. Ohio State Univ.*, No. 2:19-cv-4746, 2021 WL 7186198 (S.D. Ohio Sept. 22, 2021); *Snyder-Hill v. Ohio State Univ.*, No. 2:18-cv-736, 2021 WL 7186148 (S.D. Ohio Sept. 22, 2021); *Moxley v. Ohio State Univ.*, No. 2:21-cv-3838, 2021 WL 7186269 (S.D. Ohio Oct. 25, 2021). The district court reasoned that the plaintiffs' claims were barred by the statute of limitations because the abuse happened more than two years ago, and the plaintiffs knew or had reason to know that they were injured at the time that the abuse occurred. *See Garrett*, 561 F. Supp. 3d at 754–62; *Snyder-Hill*, 2021 WL 7186148, at *1; *Moxley*, 2021 WL 7186269, at *1. The district court dismissed Plaintiffs' claims in this case for the same reasons.

While Plaintiffs' appeal in this case was pending, this Court decided an appeal involving the lawsuits *Snyder-Hill v. Ohio State University*, No. 2:18-cv-736 (S.D. Ohio) and *Moxley v. Ohio State University*, No. 2:21-cv-3838 (S.D. Ohio). In *Snyder-Hill, et al. v. Ohio State University*, 48 F.4th 686 (6th Cir. 2022), this Court held that the plaintiffs adequately alleged that they did not know, and could not have reasonably known, that they were injured by Ohio State until 2018. Accordingly, this Court held that the plaintiffs' Title IX claims against Ohio State did not accrue until 2018, and that the claims therefore were not barred by the two-year statute of limitations. *Id.* at 690, 705–06.

On review of Plaintiffs' claims in this case, we conclude that the district court's judgment should be vacated and the action remanded so that the district court may consider in the first instance whether the statute of limitations bars Plaintiffs' claims in light of this Court's decision in *Snyder-Hill*. Accordingly, we **VACATE** the district court's dismissal of Plaintiffs' complaint and **REMAND** the matter for reconsideration in light of *Snyder-Hill*.

IT IS SO ORDERED.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk